JUSTICE McDONOUGH,
dissenting.
I dissent as to the result of the majority opinion I believe there is a distinction between this case and the Coy and Maryland cases which is dispositive. Coy v. Iowa (1988), 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857; and Maryland v. Craig (1990), 497 U.S._, 110 S.Ct. 3157, 111 L.Ed.2d 666. The defendant in this case, because of the opaque screening and its placement, could not personally observe the witness while in the cited cases the defendant was able to observe the witness during testimony.
The Sixth Amendment to the United States Constitution provides two elements of protection for a criminal defendant. First, it provides “the right physically to face those who testify against him.” Second, it provides the right to cross-examination. Pennsylvania v. Ritchie (1987), 480 U.S. 39, 51, 94 L.Ed.2d 40, 107 S.Ct. 989. These two elements are interwoven. See Davis v. Alaska (1974), 415 U.S. 308, 315, 94 S.Ct. 1105, 39 L.Ed.2d 347. It is clear that the confrontation clause does not provide an “absolute” right to face to face encounter, i.e. hearsay exceptions. See Mancusi v. Stubbs (1972), 408 U.S. 204, 92 S.Ct. 2398, 33 L.Ed.2d 293, and the majority opinion. The hearsay exceptions are based on the unavailability of witnesses and a requisite “indicia” of inherent reliability of such testimony. The exception of Coy and Maryland is essentially an extension of the unavailable witness exception.
The right of cross-examination is not solely a function of defense counsel, it is accorded to the defense. By observing the demeanor, etc., of the witness, the defendant can assist in the cross-examination of the witness. The defendant usually is acquainted with the witness, knows his or her traits, propensities, etc., which through observation by the defendant would assist counsel in cross-examination as to recollection, veracity and communication skills of the witness. The defendant’s ability to assist counsel enhances the central concerns of the clause to ensure reliability of the evidence by subjecting it to testing in an adverse setting. Providing the defendant a right to face and observe his accuser, even though the accuser does not have to face the defendant, does not interfere with the findings of necessity of Coy and Maryland that outweigh the requirement of literal face to face meeting of the defendant and the accused.
*63 In Kirby v. United States (1899), 174 U.S. 47, 55, 43 L.Ed. 890, 19 S.Ct. 574, the Supreme Court held that a defendant may be convicted only by:
witnesses who confront him at the trial, upon whom he can look while being tried, whom he is entitled to cross-examine, and whose testimony he may impeach in every mode authorized by the established rules ... (Emphasis added.)
Kirby is cited with approval in both Coy and Maryland. In both Coy and Maryland the defendant was able to view the witness and thereby had an opportunity to assist counsel in cross-examination.
The defendant’s right to view the witness’ demeanor is an essential part of cross-examination. Justice O’Connor writing for the majority in Craig states:
We find it significant, however, that Maryland’s procedure preserves all of the other elements of the confrontation right: ... the defendant retains full opportunity for contemporaneous cross-examination; and the judge, jury, and defendant are able to view (albeit by video monitor) the demeanor (and body) of the witness as he or she testified. (Emphasis added.)
Craig at 110 S.Ct. at 3166. Justice O’Connor also refers to cross-examination in a quote as the “greatest legal engine ever invented for the discovery of truth.” Craig, 110 S.Ct. at 3163, citing California v. Green (1970), 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489. Certainly denial of this right, by not allowing defendant to view the witness either directly, by video (Coy), by use of lighting skills (Maryland), by one-way glass screens, or by other means, would hamper the right and opportunity for effective cross-examination. Not allowing the accused to view the witness unnecessarily broadens the exception carved out in Coy and Maryland, and thereby violates the Sixth Amendment of the United States Constitution.
JUSTICES GRAY and HUNT concur in the foregoing dissent.